IKUTA, Circuit Judge,
dissenting in part:
Because a supervisor who lacks knowledge of any risk to inmate health or safety cannot be deliberately indifferent to such risk, the majority errs in concluding that Williams raised a genuine issue of material fact as to Sheriff Horsley’s liability.
*347 We use a “deliberate indifference” standard to analyze claims that a prison official violated pretrial detainees’ constitutional rights by subjecting them to punitive treatment. Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1241 (9th Cir.2010). Under this standard, a pretrial detainee must show that the prison official both was “ ‘aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,’ ” and also actually drew that inference. Id. at 1242 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). The Supreme Court has made it clear that government officials are not liable for the misdeeds of their subordinates; rather, officials can be held liable under § 1983 only for their “own individual actions” that violate the Constitution. Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
Here, Williams has not raised a genuine issue of material fact that Sheriff Horsley evinced “deliberate indifference.” There is no evidence that Sheriff Horsley personally reviewed Williams’s grievances or received any notice that civil detainees were being treated the same as or less considerately than criminal detainees. Cf. Starr v. Baca, 652 F.3d 1202, 1209-11, 1216 (9th Cir.2011) (noting evidence that the sheriff-defendant was directly informed of “numerous incidents” of inmate violence caused by the unconstitutional conduct of his deputies). Although the majority relies on the Trindle affidavit, maj. op. at 345-46, this offers no assistance, because the affidavit is entirely silent regarding the state of Sheriff Horsley’s knowledge. In fact, Williams fails to cite any evidence that Sheriff Horsley was actually “aware of facts from which the inference could be drawn” that pretrial detainees were receiving inappropriate treatment, let alone that he actually drew that inference. Farmer, 511 U.S. at 837, 114 S.Ct. 1970.
In short, Williams’s claims against Sheriff Horsley are based solely on a theory of respondeat superior: because Sheriff Horsley was the ultimate supervisor of the prison system, he can be held liable. Because the Supreme Court has made clear that a supervisor cannot be held vicariously liable in this manner, Iqbal, 556 U.S. at 676, 129 S.Ct. 1937, I respectfully dissent.